UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HEIDI MERRILL, ALEX WONG, JEFF COHEN,
& NICLAS LUNDIN,

                                  Plaintiffs,        CIV. ACTION NO. 19-cv-5722

                -against-

CARRIE UNDERWOOD, MARK BRIGHT,
NBCUNIVERSAL MEDIA, LLC, NATIONAL       **JURY TRIAL DEMANDED**
FOOTBALL LEAGUE, CHRIS DEFSTEFANO,
BRETT JAMES, CARRIE-OKIE MUSIC,
WARNER/CHAPPELL MUSIC, INC., & EMI
ENTERTAINMENT WORLD, INC.,

                                Defendants.
-----------------------------------------------------------------x

## COMPLAINT

Heidi Merrill ("**Merrill**"), Alex Wong ("**Wong**"), Jeff Cohen ("**Cohen**"), and Niclas Lundin ("**Lundin**") (collectively, the "**Plaintiffs**" or the "**Copyright Holders**"), by and through their attorneys, Sam P. Israel P.C., as and for their complaint against Carrie Underwood ("**Underwood**"), Mark Bright ("**Bright**"), NBCUniversal Media, LLC ("**NBC**"), the National Football League (the "**NFL**"), Chris DeStefano ("**DeStefano**"), and Brett James ("**James**"), Carrie-Okie Music ("**Carrie-Okie**"), Warner/Chappell Music, Inc. ("**Warner**"), and EMI Entertainment World, Inc. ("**EMI**") (collectively, the "**Defendants**" or the "**Infringers**"), allege as follows:

### NATURE OF THE CASE

1.    This action is brought for copyright infringement under the United States Copyright Act (17 U.S.C. §§ 101 *et seq.*) for damages (*see* 17 U.S.C. § 504), injunctive relief

(*see* 17 U.S.C. § 502), and costs and attorneys' fees (*see* 17 U.S.C. § 505), for the Defendants' unauthorized use or reproduction of the Plaintiffs' copyrighted song known as "Game On."

2.      The Defendants essentially stole a song created and submitted to the Defendants by the Plaintiffs, and have used their illicit and slightly modified version of "Game On" as the introductory song for *Sunday Night Football* broadcasts without authorization from, or compensation to, the Copyright Holders as the rightful creators of the song.

## THE PARTIES

3.      Plaintiff Heidi Merrill is an individual residing in Newport Beach, California.

4.      Plaintiff Alex Wong is an individual residing in Nashville, Tennessee.

5.      Plaintiff Jeff Cohen is an individual residing in Nashville, Tennessee.

6.      Plaintiff Niclas Lundin is an individual residing in Domsjo, Sweden.

7.      Upon information and belief, Defendant Carrie Marie Underwood is an individual residing in Nashville, Tennessee.

8.      Upon information and belief, Defendant Mark Bright is an individual residing in Nashville, Tennessee.

9.      NBCUniversal Media, LLC is a corporation organized under the laws of the State of Delaware, with its headquarters at 30 Rockefeller Plaza, New York, New York, 10112.

10.     Defendant the National Football League is an unincorporated association with its principal place of business at 345 Park Avenue, New York, New York, 10065.

11.     Upon information and belief, Defendant Chris DeStefano is an individual residing in Nashville, Tennessee.

12. Upon information and belief, Defendant Brett James is an individual residing in Nashville, Tennessee.

13. Upon information and belief, Defendant Carrie-Okie Music is an unincorporated business with its principal address listed through its attorneys at 1880 Century Park East, Suite 1600, Los Angeles, California, 90067.

14. Upon information and belief, Defendant Warner/Chappell Music, Inc. is a corporation organized under the laws of the State of Delaware, with its headquarters at 10585 Santa Monica Boulevard, Los Angeles, California, 90025.

15. Upon information and belief, Defendant EMI Entertainment World, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 810 Seventh Avenue, New York, New York, 10019.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over these claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1338, and under its supplemental jurisdiction.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a).

## FACTS

**The Copyright Holders Created "Game On" in 2016.**

18. In early 2016, Merrill, an accomplished singer and songwriter, desired to follow up her earlier success with the Nebraska-themed football anthem "Cornhusker Strong" by writing another sports-centered song.

19. Using music-industry contacts, Merrill assembled a songwriting team consisting of herself, Wong, Cohen, and Lundin.

3

20. The four Copyright Holders met together in Nashville, Tennessee on or around June 17 and June 18, 2016 to write and record a song that became known as "Game On" (the "**Work**").

21. At all times relevant hereto, the Copyright Holders have been and still are the holders of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.*, and all amendments thereto) to reproduce, distribute, display, and perform the Work.

22. After creating the Work, Merrill and the other Copyright Holders began to market the Work, primarily seeking to have it be licensed for use in television broadcasts of sporting events.

23. A music video for the Work was produced in late 2016.

24. On March 17, 2017, Merrill uploaded the music video for the Work to YouTube. The uploaded video can be found at https://youtu.be/upceJcgD-QM.

25. Through the Copyright Holders' efforts to market and distribute the Work, "Game On" was featured during a broadcast of *CBS Inside College Basketball* on or around March 11, 2017, contemporaneously with Merrill's upload of the "Game On" music video to YouTube.

26. The Work has been registered with the U.S. Copyright Office, as Registration Number SR 843-581, with an Effective Date of Registration of May 24, 2019.

**Defendant Underwood Has Performed the Introductory Song for *Sunday Night Football* Since 2013.**

27. Defendant the NFL organizes, promotes, and produces football games between the franchise clubs that are members of the NFL. The games take place during an annual

"NFL season" that lasts for approximately six months (including preseason games, regular-season games, and playoff games), generally from August through January. The NFL regular season takes place over seventeen weeks.

28. Upon information and belief, the NFL enters into contracts with various broadcasting entities to license the local and national television broadcasts of NFL games.

29. Defendant NBC is a global broadcasting entity that entered into a licensing agreement with the NFL to produce a broadcast of the NFL's weekly Sunday evening game—the only NFL game scheduled during that prime-time time slot. This NBC telecast is known as *Sunday Night Football*.

30. NBC has aired *Sunday Night Football* since the beginning of the 2006 NFL season.

31. Defendant Underwood is a well-known music star who, since 2013, has performed the introductory song for defendant NBC's *Sunday Night Football* telecast of NFL games.

32. *Sunday Night Football* is among the most-watched programs on television in the United States, and is often the single highest-rated broadcast on television during the weeks in which it airs.

33. Upon information and belief, *Sunday Night Football* is also broadcast internationally, including throughout Latin America and in the United Kingdom, Australia, Brazil, Canada, and the Philippines.

34. Underwood's *Sunday Night Football* introduction used during the 2013 and 2014 NFL seasons was known as "Waitin' All Day For Sunday Night," which had also been the composition used by Underwood's *Sunday Night Football* predecessor, Faith Hill, who

performed "Waitin' All Day For Sunday Night" as the introductory song for the 2007 through 2012 NFL seasons.

35. Upon information and belief, "Waitin' All Day For Sunday Night" was derived from the song, "I Hate Myself For Loving You" by recording artist Joan Jett.

36. Upon information and belief, Underwood switched the introductory song for *Sunday Night Football* beginning in the 2015 NFL season to a song titled "Oh Sunday Night," which was used for the 2015, 2016, and 2017 NFL seasons.

37. Upon information and belief, "Oh Sunday Night" was based on the hit duet between Underwood and Miranda Lambert titled "Somethin' Bad."

**The Defendants Gained Access to the Work When Merrill Submitted "Game On" to Defendant Bright.**

38. In August of 2017, Merrill attended a conference in Nashville, Tennessee, in large part due to the fact that the conference featured an appearance by defendant Mark Bright, who was represented to be the producer for defendant Carrie Underwood.

39. Upon information and belief, Bright has worked as Underwood's producer throughout Underwood's entire musical career.

40. Upon information and belief, as part of Bright's role as Underwood's producer, he constantly receives "pitches" of new songs from other writers and artists, which he then takes to Underwood for her consideration, as he indicated in a 2016 interview when he stated that "publishers and writers are pitching to all of us . . . We're all playing songs for Carrie and the team." https://www.songlink.com/20161019-the-producers-chair-mark-bright.html (accessed December 21, 2018).

6

41. In 2017, Merrill thought that "Game On" would make a good song for Underwood to sing, and would be particularly appropriate for use as the introductory song to *Sunday Night Football*. As a result, Merrill was interested in meeting Bright as a means of submitting the Work for consideration by Underwood.

42. At the conference in August 2017, Merrill approached Bright and inquired whether Underwood was planning to change the *Sunday Night Football* introductory song to a new song for the 2018 NFL season.

43. Bright responded that the answer to Merrill's question was not available.

44. Merrill told Bright that she had a song that would be a good fit for Underwood; Bright invited Merrill to submit the song through his assistant, Jennifer Rai, who, upon information and belief, is also Bright's wife.

45. Merrill sent an e-mail to Ms. Rai on August 16, 2017, including a link to the YouTube music video for the Work and describing "Game On" as "very fitting for the sports theme . . . with Carrie."

46. When Bright's office did not respond, Merrill followed up with another e-mail on October 30, 2017 in which she included a link to another of her songs for possible consideration by Underwood.

47. On October 30, 2017, Ms. Rai replied with an e-mail thanking Merrill for her submission but stating "I'm sorry, we're going to have to pass."

48. Neither Bright's office nor any of the other Defendants made any further contact with Merrill or the other Copyright Holders after Ms. Rai's October 30, 2017 e-mail.

49. Upon information and belief, consistent with his usual responsibilities, Bright played the Work, or otherwise made it available, to Underwood "and the team," including DeStefano and/or James, at some point after Merrill submitted the Work to Bright's office for consideration.

### The Defendants' Infringing Version of "Game On" is Featured on *Sunday Night Football* Throughout the 2018 NFL Season.

50. Leading up to the first *Sunday Night Football* broadcast of the 2018 NFL season, NBC repeatedly touted and promoted that Underwood would be revealing a new introductory song for the long-running broadcast.

51. When *Sunday Night Football* aired on September 6, 2018, its "new introductory song" featured Underwood performing a version of the Plaintiffs' "Game On," also titled "Game On"(the "**Infringing Song**").

52. Upon information and belief, Bright played the Work, or otherwise made it available, to Underwood, DeStefano, and/or James prior to the creation of the Infringing Song.

53. Upon information and belief, the Infringing Song has been featured in NBC's *Sunday Night Football* broadcast for all seventeen weeks of the 2018 NFL season.

54. As the "new" *Sunday Night Football* introductory song, the Infringing Song has been the subject of significant coverage and discussion in the press and on social media.

55. Defendants DeStefano and James are credited as songwriters of the Infringing Work, in addition to Underwood.

8

56. Upon information and belief, Underwood, DeStefano, and James (collectively, and together with Bright, the "**Underwood Defendants**") conveyed some or all rights in the Infringing Song to defendants Carrie-Okie, Warner, and EMI (collectively, the "**Publisher Defendants**").

57. Upon information and belief, NBC obtained rights to broadcast the Infringing Song through various licensing agreements, including an agreement by and between NBC and defendant Carrie-Okie dated August 20, 2018, an agreement by and between NBC and defendant Warner dated April 11, 2002, and an agreement by and between NBC and defendant EMI dated October 15, 2018 (collectively, the "**Licensing Agreements**").

**The Defendants Copied the Plaintiffs' Work Through the Infringing Song.**

58. The Underwood Defendants, having access to the Work through Merrill's submission of the Work to Bright, copied the Plaintiffs' Work in creating the Infringing Song "Game On."

59. The Infringing Song is substantially—even strikingly—similar, if not identical, to the Plaintiffs' Work not only in title but in many other ways, including in tempo, meter, time signature, rhythmic contours and patterns, melodic contours and patterns, hooks (including the shared key phrase of the chorus, "Game On"), note progression and use, and chord progression.

60. The elements copied from the Plaintiffs' Work, individually and/or in combination, constitute copyrightable creative material in which the Plaintiffs hold copyrights.

61. The Defendants have thus illicitly copied the Plaintiffs' copyrighted Work.

62.     The Defendants had access to the Plaintiffs' Work, and the Infringing Song is at least substantially similar to the Plaintiffs' Work.

63.     The Defendants have violated the Plaintiffs' exclusive rights and have caused unauthorized reproductions, preparation of derivative works, distribution of copies, performances, or public displays of the Plaintiffs' copyrighted material.

64.     The Copyright Holders have suffered irreparable harm because of the Defendants' actions. By copying the Plaintiffs' Work, the Defendants have usurped the commercial viability of the Work, have deprived the Plaintiffs of goodwill, and have caused harm to the Plaintiffs' reputation.  Remedies at law are not adequate to redress all of the injuries that the Defendants have caused and continue to cause by their conduct.

65.     Troublingly, the Defendants' conduct in copying the Work is strikingly similar to the allegations leveled against the Underwood Defendants, Carrie-Okie, and EMI, among others, in a First Amended Complaint filed in the Middle District of Tennessee in the 2017 civil action styled *Lyons-Savage v. Underwood, et al.*, No. 3:17-cv-01272 (M.D. Tenn.) (Dkt. No. 43).

66.     The plaintiffs in *Lyons-Savage v. Underwood* similarly alleged that they created and recorded an original song, titled "Something in the Water," in 2012, and later submitted it to Bright for consideration by Underwood; after Bright purported to reject the song, the Underwood Defendants allegedly collaborated to create, record, and release a substantially similar song also titled "Something in the Water" with significant musical similarities to Lyons-Savage's original song.

## COUNT I

### (Against All Defendants)

### INFRINGEMENT OF COPYRIGHT – 17 U.S.C. § 101 *et seq.*

67.   The Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs 1 through 65 as if fully set forth herein.

68.   The Plaintiffs own exclusive rights in the original Work "Game On," and at all relevant times the Plaintiffs were and are the sole owners of all right, title, and interest in and to the Work.

69.   The Defendants had access to the Work by virtue of Merrill's submission to Bright, and by extension to the other Underwood Defendants, of the Work for consideration by Underwood for use as a new introductory song for *Sunday Night Football*.

70.   The Defendants, through Bright, declined to enter into any agreement or negotiation with the Plaintiffs regarding use of the Work.

71.   The Defendants created the Infringing Song "Game On" and caused the Infringing Song to be reproduced, broadcast globally, and otherwise displayed publicly, in violation of the Plaintiffs' exclusive rights in the Work.

72.   The Underwood Defendants have infringed upon the Plaintiffs' rights by, among other things, creating a strikingly similar song to the Plaintiffs' Work, claiming credit for the creation of the Infringing Song, and gaining monetary compensation from licensing the Infringing Song for use on *Sunday Night Football* and elsewhere.

73.   The NFL and NBC have infringed upon the Plaintiffs' rights by, among other things, broadcasting, distributing, and/or publicly displaying, or causing, aiding, or

allowing the broadcasting, distributing or public displaying of, the Infringing Song during *Sunday Night Football* broadcasts, in stadiums during NFL games, and elsewhere, and gaining monetary and/or goodwill benefits from use of the Infringing Song.

74. The Publisher Defendants have infringed upon the Plaintiffs' rights by, among other things, causing or allowing the broadcasting, distributing, and/or publicly displaying of the Infringing Song during *Sunday Night Football* broadcasts, in stadiums during NFL games, and elsewhere, and gaining monetary and/or goodwill benefits from use of the Infringing Song, through operation of the Licensing Agreements with NBC or otherwise.

75. The Defendants knowingly, willfully, and intentionally copied original, copyrightable elements of the Plaintiffs' original Work, publicly performed or displayed the Infringing Song, and otherwise violated the Plaintiffs' exclusive copyrights in the Work for substantial personal and commercial gain.

76. As a direct and proximate result of the Defendants' infringing acts, the Copyright Holders are entitled to damages in an amount to be proven at trial.

77. The Plaintiffs are also entitled to recover all of the Defendants' profits attributed to the infringing acts pursuant to 17 U.S.C. § 504, including a full accounting of and constructive trust with respect to such profits.

78. The Plaintiffs are further entitled to recover their attorneys' fees and full costs, pursuant to 17 U.S.C. § 505.

79. As a direct and proximate result of the Defendants' infringing actions, the Copyright Holders have suffered, and will continue to suffer, substantial, immediate, and irreparable injury for which there is no adequate remedy at law.

80. The Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and prohibit continued infringing conduct by the Defendants, because unless enjoined by this Court, the Defendants will likely continue to infringe upon the Plaintiffs' rights in and to the Work.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray that this Court enter an order and judgment in their favor and against the Defendants, each of them jointly and severally liable,

A. For monetary damages in such amount as may be found at trial, or as otherwise permitted by law;

B. For a full accounting of any profits derived by or attributable to any Defendants' infringing conduct, and the imposition of a constructive trust with respect to such profits;

C. For preliminary and injunctive orders prohibiting the Defendants and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from further or continued infringement of the Plaintiffs' rights;

D. For the Plaintiffs' attorneys' fees, costs, and disbursements, as provided for by 17 U.S.C. § 505;

E. For pre-judgment and post-judgment interest, according to applicable law; and

F. For any and all other relief that the Court may deem to be just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiffs demand a trial by jury of all claims so triable.

Dated: New York, New York
   June 19, 2019

                Sam P. Israel P.C.

By: _____

                Sam P. Israel (SPI0270)
                Timothy L. Foster (TF8896)
                180 Maiden Lane, 6th Floor
                New York, New York 10038
                T: (646) 787-9880; F: (646) 787-9886
                samisrael@spi-pc.com
                timfoster@spi-pc.com
                *Attorneys for Plaintiffs*