

**SAM P. ISRAEL**
FOUNDER & MANAGING PARTNER

Eleonora Zlotnikova
Timothy Foster
Timothy Savitsky
David Hrovat
*Associates*

**VIA ECF**

The Honorable Edgardo Ramos, U.S.D.J.
U.S. District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, N.Y. 10007

October 4, 2019

Re:   *Merrill, et al. v. Underwood, et al.*, Case No. 19-cv-05722 (ER)

Dear Judge Ramos:

We represent the plaintiffs, Heidi Merrill, Alex Wong, Jeff Cohen, and Niclas Lundin (collectively, the "Plaintiffs"), in the above-referenced action, and we respectfully submit this Letter, in accordance with Rule 2(A)(ii) of Your Honor's Individual Practices, and pursuant to the Order dated September 26, 2019, in response to the Letter Request for a Pre-Motion Conference submitted by Brian Caplan, counsel for defendant Mark Bright ("Bright") on September 24, 2019 (the "Caplan Letter") and the Letter Request for a Pre-Motion Conference filed by Barry Slotnick, counsel for defendants Carrie Underwood, NBCUniversal Media, LLC ("NBC"), the National Football League ("NFL"), Chris DeStefano, Brett James, Carrie-Okie Music, Warner Chappell Music, Inc. ("Warner Chappell"), and EMI Entertainment World, Inc. ("EMI") (collectively, along with Bright, the "Defendants") on September 24, 2019 (the "Slotnick Letter"; together with the Caplan Letter, the "Pre-Motion Letters").

The Pre-Motion Letters base their primary arguments on a purported lack of *in personam* jurisdiction over Bright in this Court.  While we believe that there are solid bases for the case to be venued in this District—among other things, at least two of the Parties, who are large corporate organizations (namely, NBC and the NFL) and whose participation in the litigation is likely to involve numerous employees as witnesses, are located here, and Bright was apparently paid by one of these New York defendants (NBC) for his alleged infringing conduct—we are persuaded by the Caplan Letter and the factual averments made therein which, if taken as true, suggest that an argument in favor of an exercise of personal jurisdiction over Bright individually in this Court would be unavailing, and therefore propose to voluntarily dismiss the Complaint with a view toward later refiling the case in a U.S. District Court in Tennessee.

Accordingly, from the Plaintiffs' perspective, a pre-motion conference is not necessary inasmuch as this office will shortly file a notice of voluntary dismissal consistent with Fed. R. Civ. P. 41 (a).

We thank the Court for its attention to this matter.

Respectfully submitted:

By: _____

Sam P. Israel (SPI0270)
*Counsel for Plaintiffs*